19-364-cv
*Perez-Dickson v. Bridgeport Bd. of Educ. et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand twenty.

Present:     REENA RAGGI,
             DEBRA ANN LIVINGSTON,
             WILLIAM J. NARDINI,
                    *Circuit Judges.*

_____

CARMEN PEREZ-DICKSON,

             *Plaintiff-Appellant*,

             v.                                              19-364-cv

BRIDGEPORT BOARD OF EDUCATION, DR. SANDRA
KASE, & PAUL VALLAS

             *Defendants-Appellees*.

_____

For Plaintiff-Appellant:              JOSEPHINE S. MILLER, Danbury, CT

For Defendants-Appellees:             STEPHEN M. SEDOR, Pullman & Comley LLC, Bridgeport, CT

Appeal from a judgment of the United States District Court for the District of Connecticut

(Warren W. Eginton, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Carmen Perez-Dickson ("Perez-Dickson") appeals from a September 28, 2018, memorandum and order denying her motion for leave to amend her complaint. The complaint alleged claims for race discrimination and retaliation under 42 U.S.C. § 1983 and Connecticut General Statutes 31-51q against her employer, the Bridgeport Board of Education (the "Board"), as well as Dr. Sandra Kase and Paul Vallas (together, "Defendants"). We conduct *de novo* review where, as here, the district court denies leave to amend on futility grounds. *See Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 592 (2d Cir. 2007). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

The instant case is the latest in a series of employment discrimination and retaliation suits brought since 2000 by Perez-Dickson, a school principal employed by the Board. Perez-Dickson first sued the Board in 2000, alleging discrimination and retaliation stemming from her reporting of two Caucasian teachers for student abuse. *Perez-Dickson v. City of Bridgeport*, 43 A.3d 69, 79 (Conn. 2012). She prevailed at trial, but the Connecticut Supreme Court overturned the verdict in 2012. *Id.* at 103. Perez-Dickson filed a second suit in 2013, which was removed to the District of Connecticut, asserting claims based on the Board's decision to place her on paid leave and recommend her for termination due to allegations that she dragged children in the halls at school. The court granted summary judgment to defendants on January 19, 2016, and this Court affirmed. *See Perez-Dickson v. Bridgeport Bd. of Educ.*, No. 16-525-cv, 2017 WL 362771 (2d Cir. Jan. 24, 2017) (hereinafter "*Perez-Dickson I*"). Now before the Court is Perez-Dickson's third suit against the Board, alleging discrimination and retaliation based on her

2

suspension in October 2013 for the dragging incidents, and based on additional adverse employment actions she experienced upon her return from suspension. These included not being assigned a regular worksite, not being permitted to participate in a professional development retreat, the withdrawal of ten days of sick leave, and the provision of false information to the State Department of Education.

The district court granted Defendants' motion to dismiss on January 18, 2018, providing Perez-Dickson with an opportunity to seek leave to amend her complaint. On September 28, 2018, the court denied Perez-Dickson's motion for leave to amend, deeming amendment futile because the proposed complaint failed to resolve the deficiencies identified in the earlier complaint. The court granted Perez-Dickson a final opportunity to supplement her complaint based on evidence adduced in ongoing discovery, permitting her to file a motion for reconsideration by October 19, 2018. When she failed to do so, the court entered judgment on October 31, 2018, and later denied a motion to vacate on January 8, 2019.

The district court did not err in determining that Perez-Dickson's proposed amendment was futile. First, as to discrimination, the proposed complaint does not allege facts that "give plausible support to a minimal inference of discriminatory motivation," as required to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) in this context. *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn v. City of New York*, 794 F.3d 297, 311 (2d Cir. 2015)). In *Perez-Dickson I*, this Court concluded that, following discovery, Perez-Dickson had adduced insufficient evidence to raise a triable question of fact as to whether her placement on administrative leave pending investigation was a pretext for race discrimination, as opposed to a legitimate response to "the serious (and documented) allegations of student abuse" against her. *Perez-Dickson I*, 2017 WL 362771, at *2. In the

3

instant case, in arguing that the transition from the previously upheld paid leave to suspension based on the same underlying incident amounted to race discrimination, Perez-Dickson has failed to plead additional facts rendering plausible even a minimal inference of discrimination. As *Perez-Dickson I* previously held, her proffered comparators, including an assistant principal who was alleged to have assaulted a student but who was not disciplined, are not similarly situated because none was accused of multiple acts of abuse documented on videotape. *See Perez-Dickson I*, 2017 WL 362771, at *2. Perez-Dickson's unsupported, conclusory assertion that "similarly situated employees of the school board who engaged in the same or similar conduct as Plaintiff but who were not placed on administrative leave . . . or disciplined with a six month unpaid suspension are comparators that are similarly situated to Plaintiff" likewise cannot render her claim plausible. A. 35; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The proposed complaint's discrimination claims are thus insufficient to withstand a motion to dismiss, and the denial of leave to amend with respect to those claims was proper.

The district court was likewise correct in finding Perez-Dickson's proposed amendment futile as to her retaliation claims. Claims for employment retaliation under § 1983 and Connecticut General Statutes § 31-51q require that Perez-Dickson plausibly plead a causal connection between protected activity and an adverse employment action taken against her. *See Vega*, 801 F.3d at 91; Conn. Gen. Stat. § 31-51q (2019). She failed to do so. Even assuming that Perez-Dickson engaged in protected activity within the meaning of the relevant statutes with any temporal proximity to the October 2013 suspension, the complaint fails to set forth facts rendering plausible the inference of the requisite causal connection. The October 2013 suspension and the collateral consequences thereof identified by the complaint were merely the culmination of the same July 2012 suspension that this Court has already upheld as non-retaliatory.

*See Perez-Dickson I*, 2017 WL 362771, at \*3. Perez-Dickson was required to plead more than merely a conclusory assertion that those adverse actions were the result of retaliation in order to render a causal connection plausible. In these circumstances, and in light of the history of this case, Perez-Dickson's proposed complaint was therefore insufficient to survive a motion to dismiss, warranting the denial of leave to amend.

Finally, as to Perez-Dickson's arguments relating to the district court's denial of her motion to vacate the October 31, 2018, judgment in order to obtain further discovery, the Court lacks jurisdiction over that claim. Perez-Dickson's notice of appeal refers solely to the judgment rendered on "October 3[1], 2018." A. 56. The challenged denial of the motion to vacate is contained in a distinct January 8, 2019, order, which is not identified by Perez-Dickson's notice of appeal and cannot reasonably be inferred to be raised by that notice. *See Kovaco v. Rockbestos–Surprenant Cable Corp.*, 834 F.3d 128, 134 (2d Cir. 2016); *see also Perez-Dickson I*, 2017 WL 362771, at \*1–2 (holding jurisdiction lacking where Perez-Dickson similarly failed to designate appropriate order in notice of appeal). Moreover, even if Perez-Dickson could establish jurisdiction over this claim, she has failed to demonstrate "extraordinary circumstances" warranting relief under Federal Rule of Civil Procedure 60(b). *United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994).

We have considered Perez-Dickson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk